UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

v.

JAMES CRUZ,

                Defendant.

24 Civ. 0989 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is Plaintiff's motion to proceed anonymously and for a protective order. ECF No. 5. For the reasons discussed below, Plaintiff's motion is hereby **GRANTED**.

### BACKGROUND

Plaintiff, proceeding as Jane Doe, commenced this action against Defendant James Cruz, asserting four causes of action pursuant to the New York Adult Survivors Act ("ASA"), C.P.L.R. 214-J. *See generally* Compl., ECF No. 1.

Plaintiff alleges that Defendant began sexually abusing her in 1999 when Plaintiff was a minor. *Id*. ¶¶ 7-13. As a result of this abuse, Plaintiff alleges that she contracted a sexually transmitted disease, HSV-2. *Id.* ¶ 23. Plaintiff alleges that Defendant's sexual manipulation and abuse continued between September 2000 and July 2001. *Id.* ¶ 29. In support of her motion to proceed pseudonymously, Plaintiff presents testimony from her therapist stating that she suffers from post-traumatic stress manifesting as "symptoms of anxiety, depression and dysregulated internal states," and that her condition would be exacerbated by public disclosure of her name. Beavers Decl. ¶¶ 4, 6-9, ECF No. 6-1. Plaintiff further attests that disclosure of her identity

would cause her mental instability, exacerbate her post-traumatic stress disorder, trigger other trauma responses, and harm her relationships.  *See* Pl.'s Decl. ¶¶ 28, 30-31, ECF No. 6-2.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 10(a) requires that a complaint include the names of "all the parties," Fed. R. Civ. P. 10(a), given the public's undoubted right of access to judicial proceedings.  *See Huminski v. Corsones*, 396 F.3d 53, 80 (2d Cir. 2005).[1]  Nevertheless, courts permit parties to proceed pseudonymously where special circumstances warrant anonymity.  *See, e.g.*, *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 110-12 (E.D.N.Y. 2003); *Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 196 (W.D.N.Y. 2002); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438-39 (S.D.N.Y. 1988).  To determine whether such circumstances are present, "district courts must balance a plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants when determining whether to permit a plaintiff to proceed under a pseudonym."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 186-87 (2d Cir. 2008).  Factors courts weigh as part of this assessment include: "whether the litigation involves matters that are highly sensitive and of a personal nature," "whether identification presents other harms and the likely severity of those harms," "whether the plaintiff is particularly vulnerable to the possible harms of disclosure," "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously," and "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity."  *Id*. at 89-90.

---

[1] In all quotations from cases, internal quotation marks, brackets, citations, ellipses, footnotes, and emphases are omitted unless otherwise indicated.

## DISCUSSION

For the reasons discussed below, the balance of interests weighs heavily in favor of granting Plaintiff's motion to proceed pseudonymously and for a protective order.

The factors weighing in Plaintiff's favor are numerous. The sexual assault allegations at the center of this dispute are undoubtedly of a highly sensitive and personal nature, and "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Harms to Plaintiff resulting from disclosure include mental and emotional harm, *see* Beavers Decl. ¶ 9, as well as professional and reputational harm, *see* Pl.'s Decl. ¶ 27.

There is no countervailing concern that allowing Plaintiff to proceed anonymously would prejudice Defendant. "Defendant[ is] already aware of Plaintiff's identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed." *Doe v. St. Vincent's Servs., Inc.*, No. 20 Civ. 6215, 2021 WL 7909266, at *3 (E.D.N.Y. Sept. 29, 2021). Defendant all but concedes this point, as Defendant was informed about this motion prior to its filing and declined to file an opposition. *See* Pl.'s Mem. of Law in Supp. of Mot. to Proceed Under Pseudonym 3, ECF No. 6.[2]

Nor is there any countervailing concern that the Court's grant of Plaintiff's motion would harm the public. On the contrary, mandating disclosure in these circumstances would be counter to the public interest, as it would "chill" potential action by "others who face discrimination

---

[2] Defendant's deadline to respond to Plaintiff's motion expired on March 1, 2024. *See* Local R. of Civ. P. 6.1(b) (stating that "any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers").

based on their highly stigmatized characteristics from seeking judicial relief." *St. Vincent's Servs.*, 2021 WL 7909266, at *3.

Considering all the relevant *Sealed Plaintiff* factors, the Court concludes that the balance of interests weighs heavily in Plaintiff's favor and hereby grants Plaintiff's motion to proceed anonymously and for a protective order.

## CONCLUSION

For the reasons discussed herein, Plaintiff's motion is **GRANTED**.

The Clerk of Court is directed to terminate ECF No. 5.

SO ORDERED.

Dated: April 4, 2024

New York, New York

_____
DALE E. HO
United States District Judge